<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4621**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

OLANITAN MICHAEL OLANIYI, a/k/a Richard Allman, a/k/a Thomas
Duval, a/k/a Gabriel Palmer, a/k/a Michael Salman, a/k/a
Michael Stanley,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  W. Earl Britt,
Senior District Judge.  (4:13-cr-00072-BR-1)

———————

Submitted:  March 17, 2015         Decided:  March 19, 2015

———————

Before WILKINSON and KING, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Joseph A. DiRuzzo, III, FUERST ITTLEMAN DAVID & JOSEPH, PL,
Miami, Florida, for Appellant.  Jennifer P. May-Parker,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Olanitan Michael Olaniyi appeals his convictions and 87-month sentence imposed by the district court following his guilty plea to conspiracy to commit mail, wire, and bank fraud, in violation of 18 U.S.C. § 1349 (2012), and aggravated identity theft, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1028A, 2 (2012). Olaniyi's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal. Olaniyi filed a pro se supplemental brief, challenging the reasonableness of his sentence and asserting that he was denied effective assistance of counsel. We affirm.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. Id. If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. Id. at 328. We presume on appeal that a sentence within the properly calculated Guidelines range is substantively reasonable. United States v. Abu Ali, 528 F.3d

2

210, 261 (4th Cir. 2008). Such a presumption is rebutted only when the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

Upon review, we discern no procedural or substantive sentencing error by the district court. The district court correctly calculated Olaniyi's advisory Guidelines range, heard argument from counsel, provided Olaniyi an opportunity to allocute, and considered the § 3553(a) sentencing factors. We have reviewed the record and conclude that Olaniyi's within-Guidelines sentence is both procedurally and substantively reasonable.

Turning to Olaniyi's ineffective assistance of counsel claims, unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not generally addressed on direct appeal, United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008), but rather should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that these claims should be raised, if at all, in a § 2255 motion.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Olaniyi's conviction and sentence. This court requires that counsel inform Olaniyi, in writing, of the right to petition the Supreme Court of the United States for further review. If Olaniyi requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Olaniyi. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED