**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7041**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

OLANITAN MICHAEL OLANIYI, a/k/a Richard Allman, a/k/a Thomas
Duval, a/k/a Gabriel Palmer, a/k/a Michael Salman, a/k/a
Michael Stanley,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  W. Earl Britt,
Senior District Judge. (4:13-cr-00072-BR-1)

Submitted:  December 12, 2016    Decided:  December 14, 2016

Before SHEDD, AGEE, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Olanitan Michael Olaniyi, Appellant Pro Se.  Stephen Aubrey
West, Assistant United States Attorney, Susan Beth Menzer, Seth
Morgan Wood, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Olanitan Michael Olaniyi seeks to appeal his 2014 criminal judgment imposed following his guilty plea to conspiracy to commit mail, wire, and bank fraud, in violation of 18 U.S.C. § 1349 (2012), and aggravated identity theft, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1028A, 2 (2012).

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on August 8, 2014. Olaniyi filed his notice of appeal, at the earliest, on August 1, 2016, nearly two years after entry of the criminal judgment.[1] Because Olaniyi failed to file a timely notice of appeal or to obtain an extension of the appeal period, we dismiss the appeal

---

[1] This is the date that Olaniyi states that he placed the notice of appeal in the prison mail system. A pro se prisoner's notice of appeal is considered filed at the moment it is delivered to prison authorities for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988). We also note that Olaniyi received a counseled direct appeal, and the district court's judgment was affirmed on March 19, 2015. United States v. Olaniyi, 598 F. App'x 180 (4th Cir. 2015) (No. 14-4621).

as untimely.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[2] We note that the appeal period in a criminal case is not a jurisdictional provision, but, rather, a claim-processing rule. United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009). Because Olaniyi's appeal is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to dismiss it.  United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).